Eve H. Cervantez (SBN 164709)
Laura S. Trice (SBN 284837)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
Email: ecervantez@altber.com

Harvey Sohnen (SBN 62850)
Patricia Kelly (SBN 99837)
LAW OFFICES OF SOHNEN & KELLY
2 Theatre Square, Suite 230
Orinda, CA 94563
Tel. (925) 258-9300
Fax (925) 258-9315
Email: netlaw@pacbell.net
Attorneys for Plaintiffs
CYNTHIA BROOKS and JACOB SWOYER
and the prospective class

# UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| CYNTHIA BROOKS, and JACOB SWOYER on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK, N.A. and DOES 1 through 10 inclusive<br><br>Defendants. | **Case No. C12-4935 EMC (JSC)**<br><br>~~(AMENDED PROPOSED)~~ **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

1
(AMENDED PROPOSED) ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO. C12-4935 EMC

**Recitals**:

This matter came on for hearing on February 6, 2014, at 1:30 p.m. in Courtroom 5 of the above-captioned court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

The Court, having fully reviewed Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, the supporting Points and Authorities and Declarations filed in support thereof, including the Joint Stipulation of Class Action Settlement and Release ("Settlement Agreement"), the Notice of Settlement ("Notice"), and the Estimated Payment Form And Instructions To Challenge Dates Of Employment ("Estimated Payment Form"), hereby makes the following findings and orders:

**Findings**:

The Court finds on a preliminary basis that the Settlement Agreement, which is attached to the Declaration of Harvey Sohnen in Support of Plaintiffs' Motion for Preliminary Approval of Settlement, as Exhibit "1" and is incorporated in full by this reference and made a part of this Order, appears to be within the range of reasonableness of a settlement which could ultimately be given final approval by this Court. The Court notes that Defendant has agreed to create a common fund of $1,900,000, to pay (a) settlement payments to Class Members who do not validly opt-out; (b) enhancement payments not to exceed $7,500 and $2,500 respectively to Plaintiffs Cynthia Brooks and Jacob Swoyer; (c) payment to State of California, Labor and Workforce Development Agency of $90,000; and (d) attorney's fees not to exceed $633,333, and actual costs incurred, not to exceed $20,000. The employer's share of payroll tax and costs of administration and notice (other than the costs of a second round of distribution of settlement funds) are to be paid by Defendant outside of the common fund.

    a.    The Court finds that provisional certification of the class for settlement purposes is appropriate. Certification under this order is for settlement purposes only and shall not be construed as an admission by Defendant that this action is appropriate for class treatment for litigation purposes, and entry of this Order is without prejudice to the rights of Defendant to

oppose certification (and/or seek decertification or modification of any class) should the proposed settlement not be granted final approval.

  b. The Settlement Class shall be defined as follows: In-Store Banker 1, In-Store Banker 2, Senior In-Store Banker 1, and/or Senior In-Store Banker 2 at Defendant's In-Store Locations in California at any time during the period between September 30, 2010 and the date of entry of this Order.

  c. The Court finds that Altshuler Berzon LLP and the Law Offices of Sohnen & Kelly are experienced in class action litigation and that Plaintiffs are adequate class representatives. The Court also approves Dahl Administration to act as the class action administrator ("Settlement Administrator").

  d. The Court finds that the Notice and Estimated Payment Form, which are attached hereto as Exhibits "1" and "2", respectively, comport with all constitutional requirements including those of due process.

  e. The Court further finds that the proposed Notice to the class adequately advises the class about:

   (1) The class action;

   (2) The terms of the proposed settlement, the benefits available to each Class Member, and proposed fees and costs to Class Counsel;

   (3) Each Class Member's right to challenge their dates of employment on the estimated payment form, and to object and/or to opt out the settlement, and the timing and procedures for doing so;

   (4) The provisional and conditional certification of the class for settlement purposes only;

   (5) Preliminary court approval of the proposed settlement; and

   (6) The date of the Final Approval hearing as well as the rights of members of the class to file documentation in support of or in opposition to and appear in connection with said hearing.

f.  The Court further finds that the mailing to the last known address for members of the class, as specifically described within the Settlement Agreement, constitutes reasonable notice to Class Members of their rights with respect to the class action and proposed settlement.

**Based on the above, the Court hereby makes the following Orders:**

1.  The Court orders the preliminary approval of this litigation as a settlement class action and provisionally orders certification of the settlement class defined as:  In-Store Banker 1, In-Store Banker 2, Senior In-Store Banker 1, and/or Senior In-Store Banker 2 at Defendant's In-Store Locations in California at any time during the period between September 30, 2010 and the date of entry of this Order, who do not validly opt out of the settlement.

2.  The Court orders that the Settlement appears to be within the range of reasonableness of a settlement which could ultimately be given final approval by the Court.

3.  The Court orders the appointment of Altshuler Berzon LLP and the Law Offices of Sohnen & Kelly as Class Counsel and orders the appointment of Cynthia Brooks and Jacob Swoyer as the class representatives.  The Court further approves and appoints Dahl Administration to act as the class action administrator.

4.  Defendant shall, by February 26, 2014, provide the Settlement Administrator with a list of all Settlement Class Members, their last known addresses, telephone numbers, Social Security numbers and such records as are necessary to compute distribution amounts.

5.  The Settlement Administrator shall mail the Notice and Estimated Payment Form (Exhibits 1 and 2 hereto) to Settlement Class Members on the list provided by Defendant, no later than March 18, 2014.

6.  The Court orders that  no later than May 29, 2014, a declaration shall be filed with the Court by the Settlement Administrator stating that the Notices and Estimated Payment Forms were mailed and re-mailed to the Class Members in accordance with the Settlement Agreement.

7.  The Court orders that any challenge to dates of employment form must be postmarked no later than sixty (60) calendar days after the Notice is initially mailed to the class, that is, by May 19, 2014 and must be received by the Settlement Administrator to be valid.

1  8. The Court orders that any request for exclusion must be postmarked no later than sixty (60) calendar days after the Notice is initially mailed to the class, that is, by May 19, 2014 and must be received by the Settlement Administrator to be valid.

9. The Court orders that any Class Member may object to the Settlement Agreement. Any objection must be in writing, and mailed to the Settlement Administrator. Such objection shall include the name and address of the Class Member and the basis of the objection. To be timely, the objection must be postmarked no later than sixty (60) calendar days after the Notice is initially mailed to the class, that is, by May 19, 2014. Objections not previously filed in writing in a timely manner will not be considered. All objections or other correspondence must state the name and number of the case, which is *Cynthia Brooks et al. v. U.S. Bank, N.A..,* Case No. C12-4935 EMC.

10. The Court orders that the Final Approval Hearing shall be held before the undersigned on June 12, 2014, at 1:30 p.m. in Courtroom 5 of the above-entitled court, to consider the fairness, adequacy and reasonableness of the proposed settlement preliminarily approved by this Order, and to consider the motion of Class Counsel for an award of reasonable attorney's fees and costs, the named Plaintiffs/Class Representatives' enhancements, administration costs and payment to the Labor Workforce and Development Agency.

11. The Court orders that any party to this case, including any class member, in person or by counsel, may be heard, to the extent allowed by the Court, in support of, or in opposition to, the Court's determination of the good faith, fairness, reasonableness and adequacy of the proposed settlement, the requested attorney's fees and costs, the requested named Plaintiffs' enhancements, and any order of final approval and Judgment regarding such settlement, fees, costs and enhancements; provided, however, that no person, except Class Counsel and counsel for Defendants shall be heard in opposition to such matters unless such person has complied with the conditions set forth in the Notice to the Class.

12. The Court orders that all briefs regarding the settlement shall be served and filed in accordance with the following briefing schedule: All briefs and materials in support of an order of final approval shall be filed with this Court no later than May 8, 2014, except that the motion for

1  attorney's fees and costs shall be filed no later than March 18, 2014, and noticed for the date of the
2  Final Approval hearing.  Any objections to the settlement shall be filed and served in accordance
3  with this Order and the Settlement Agreement.  Any opposition to the motion for attorney's fees and
4  costs shall be filed and served than no later than sixty (60) calendar days after the Notice is initially
5  mailed to the class, that is, no later than May 19, 2014.  Response briefs, if any, including opposition
6  to objections, shall be filed with this Court no later than May 29, 2014.

7        13.    The Court orders that upon final approval, assuming no objections, or upon dismissal
8  or resolution of objections, all class members, other than opt outs, and their successors shall
9  conclusively be deemed to have given full releases of the Released Claims (as defined in the
10 Settlement Agreement) and as modified by this Order and all class members (other than opt-outs)
11 and their successors, shall be permanently enjoined and forever barred from asserting any Released
12 Claims as described by the Settlement Agreement.

13       13.    The Court orders that if for any reason the Court does not execute and file an order of
14 final approval and judgment, or if such a final approval order is reversed, the Settlement Agreement
15 and the proposed settlement which is the subject of this Order and all evidence and proceedings had
16 in connection therewith, and the provisional certification of the class, shall be without prejudice to
17 the status quo ante rights of the Parties to the litigation as more specifically set forth in the
18 Settlement Agreement.

19       14.    The Court orders that the Settlement Agreement shall not be construed as an
20 admission or evidence of either liability or the appropriateness of class certification in the non-
21 settlement context, as set forth in the Settlement Agreement.

22       15.    The Court orders that, pending further order of this Court, all proceedings in this
23 matter except those contemplated herein and in the Settlement Agreement are stayed.

24       16.    The Court orders that Class Counsel submit a proposed Judgment in connection with
25 the Motion for Final Approval of Class Action Settlement as set forth in the Settlement Agreement.

26       17.    The Court expressly reserves the right to adjourn or continue the Final Approval
27 Hearing from time to time without further notice to the class members.

28

18. The Court makes the following additional orders:

(a) page 21, paragraph 70, line 9 of the Settlement Agreement is modified to state "similar claims" instead of "those".

(b) The Court approves the parties' designation of the California Rural Legal Assistance Foundation as cy pres beneficiary, finding that it meets the criteria set forth in *Dennis v Kellogg Co.* 697 F. 3d 858, 865-866 (9th Cir. 2012).

**IT IS SO ORDERED**.

Dated: February 12, 2014



_____
HON. EDWARD M. CHEN
U.S. District Judge